CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 01 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:04CR00127 |
| | ) | (CASE NO. 7:14CV80765) |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| FRED IRA WADE, JR., | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Fred Ira Wade, Jr., through counsel, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Wade is challenging the validity of his confinement pursuant to the judgment of this court entered July 21, 2005, whereby he was convicted of possession with intent to distribute crack cocaine and related firearms offenses. Upon consideration of the § 2255 motion and the record, the court concludes that the action must be summarily dismissed as untimely filed.[1]

I

Facing a twelve-count indictment, Wade pleaded guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute crack cocaine (Count One); and two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), on March 10, 2004 (Count Five) and on March 18, 2004 (Count Seven). The

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

court sentenced Wade to 396 months in prison, which included consecutive mandatory sentences of 60 and 300 months for the § 924(c) offenses. Wade did not appeal.[2]

Wade filed this § 2255 motion, challenging the validity of his two § 924(c) convictions on the basis that they were premised on the same conduct. The court filed the § 2255 motion conditionally, notified Wade that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness. The court specifically advised the defendant that failure to provide such information would result in dismissal of the action as untimely. Wade has responded. Citing United States v. Gatewood, he states that the court should address his untimely filed § 2255 claim on the merits, because it alleges that the indictment, and thus the court's exercise of jurisdiction, was defective. 173 F.3d 983, 986 (6th Cir. 1999) (reversing conviction on direct appeal, finding that "a defendant who contends that the indictment fails to establish jurisdiction or to charge an offense may raise that challenge at any time").

## II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] In July 2007, the court granted the government's motion to reduce Wade's sentence to 336 months in prison. In 2008 and 2011, pursuant to retroactive guideline amendments, the court reduced Wade's sentence, such that he is currently serving a sentence of 316 months in prison. All other aspects of the judgment remain the same.

2

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, judgment was entered against Wade on July 21, 2005. Because he did not appeal the judgment, his conviction became final on August 1, 2005, when his opportunity to appeal expired. See Fed. R. App. P. 4(b)(1)(A) (former version). He then had one year–until August 1, 2006–in which to file a timely § 2255 motion. As he filed his § 2255 motion on August 19, 2014, his motion is untimely under § 2255(f)(1). Wade states no facts triggering calculation of his time limit under a different subsection of § 2255(f) or warranting equitable tolling of the federal filing deadline. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (finding that equitable tolling requires showing of due diligence and "some extraordinary circumstance" that prevented timely filing).

Wade's jurisdictional claim theory, as the sole justification he offers for submitting his belated § 2255 challenge to the validity of the § 924(c) charges, is without merit. The limitation period in § 2255(f) does not include any exception for challenges to jurisdiction. Moreover, the Gatewood decision that Wade cites is not on point, as it concerns a direct appeal, rather than a collateral review of the defendant's conviction, such as a § 2255 motion. 173 F.3d at 984. In any event, from the terms of the indictment itself as well as the presentence report description of

3

Wade's offense conduct, it is clear that Wade's firearm convictions are based on two different incidents on two different dates, rather than on the same conduct, as Wade alleges.

Finding Wade's § 2255 motion to be both untimely filed and without merit, the court will summarily dismiss the action. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 1st day of October, 2014.

*/s/ Glen Conrad*
Chief United States District Judge